Garland, J.
William Kendrick died in the early part of the year 1838, and some short time thereafter his widow was appointed administratrix of the estate. Inventories of the properly were made in the months of March and July of that year. The succession was composed of lands near, and town lots in Greens-burg, a number of slaves, stock of horses and cattle, with household furniture, plantation utensils, and other articles, a quantity of cotton, and debts owing by different persons. In the month of July, 1S38, public sales of all the property were made, amounting to about $30,000, but upon what terms of credit the record does not inform us, notes having been taken from the purchasers to secure the price, none of which are exhibited; we, therefore, cannot tell when they became due, nor what rate of interest they bear. About two years after the sale, the administratrix, not having presented any account, proceedings were commenced by some of the heirs, to have her removed from office; which case was before us two years since. 1 Rob. 402. On the 17th August, 1840, *139 pending the proceedings for her removal from office, she presented a petition to the Probate Court, in which she alludes to the proceedings to remove her, and declares that she has no objection to rendering an account, nor to stating the progress made in the settlement of the succession, which she avers is not completed. With this petition an account or statement was presented, in which she charges herself with a sum of money on hand at the death of her husband; also, with a number of notes of different individuals, which, from a comparison with the proces-verbal of the sale, we think were probably given for purchases of property. She also represents that there are a number of notes and a small amount in cash, in the hands of the Probate Judge, among which are her own notes for $6824, being, as would appear from the proces-verbal aforesaid, the amount of her own purchases at the sale. Of the proceeds of the thirteen bales of cotton mentioned in the inventory, or of the amount collected on the notes mentioned in it, or of the progress made in endeavoring to collect them, or of the interest received or accruing on the notes given for purchases at the sale, she gives no account; nor can it be ascertained, except by comparing, with much trouble, the debit and credit sides of the account, from whom any amount has been collected; and there are no data to show the date or specific amount of any collection made by her. She proceeds to give herself credit for various payments made, or alleged to have been made, in money, or by transferring notes held by her, or by giving her own notes in place of those owing by the deceased ; and then credits herself with all the nótes uncollected, with which she had charged herself, among which her own notes are returned as uncollected, as well as those in the hands of the Probate Judge. The cash in his hands is also placed to her credit. It is asked that, after the proper notices, this account may be homologated and approved.
To the homologation of this account, several of the beneficiary heirs who were present, and the attorney for those who are absent, made opposition:
1st. Because the account does not show the amount of the inventory, nor the excess or deficiency of the sale of the property compared with it. .
*140 2d. Because the administratrix has not accounted for the full amount received, and the account is not a full and fair one of her administration.
3d. Because the debts purporting to have been paid, had not previously been placed on a tableau or list according to their rank and privileges, and presented to the Court of Probates for approval and an order to pay them.
4th. The opponents object specially to each item of the account, and to the form and manner in which they are set forth.
5th. Because the amount due to the succession had not been collected, nor any sufficient reason given why the same had not been done and the creditors paid.
In the month of April or May, 1843, (no proceedings having been had on the preceding opposition to the account rendered,) the administratrix presented what is called a supplemental account to that previously filed. She reverses the order of slating her management of the estate in this document, and commences, as she should properly, by charging the estate with the sums she has paid for it, and then giving it credit for the sums she has collected on account. No date for any debt or credit is given, nor any reference to vouchers, by number or otherwise, made. With this paper a petition was presented, praying that it might be homologated and approved. To this prayer opposition was made by the same parties, for reasons almost identical with those assigned for the opposition to the first account; and for the additional one, that no distinction is made between the community property and that which belonged to the deceased previously to his marriage.
On these accounts and oppositions the parties went to trial. A number of notes, accounts, receipts and other vouchers were presented in evidence, all of which were numbered ; but as there are no corresponding numbers in either account, and no date to the items in the second, it is difficult to make an accurate investigation of the application and validity of the documents. A great deal of parol evidence was also received in support of different charges and payments, and as to the disposition made of the property; but it is almost impossible to make it intelligible to any one, except by re-stating the whole account, and appending a *141 commentary upon each item ; and as the opponents have not set forth their special objection to each or any one item, the difficulty of deciding the cause is much increased. Among the documents filed, there is a tableau or statement of the debts, showing their character and privilege, amounts, &c., which was presented to the Probate Judge on the 7th May, 1839, and a supplement thereto presented on the 30th of November, 1841.. With each of these documents a petition was presented, asking that notice might be given of their having been filed, and a call made on all interested to oppose their homologation if they wished so to do, and praying for authority to pay the debts according to them. Upon eaeh of these applications a judgment, or order was given by the Judge, directing and authorizing payments to be made in conformity with these tableaux. In the judgments it is stated, that the legal notices have been given, and that no opposition had been made. From them, there has been no appeal. All of the items to which the opponents have specially called our attention, are set forth in one or the other of these tableaux, and were approved and ordered to be paid by the Judge.
The Judge of Probates, after hearing the parties, decided that the administratrix had acted correctly, and properly accounted for every thing, and therefore homologated and approved her accounts, and dismissed the oppositions at the cost of the estate. The opponents made application for a new trial on various grounds, concluding by alleging, that a just and full account had not been rendered ; wherefore they asked, that the administratrix might be dismissed from office, be condemned to pay ten per cent interest per annum on whatever sum may be owing by her, and that she may be deprived of her commissions on the amount administered. Their application was overruled, and the opponents have appealed-
In this court, the opponents have insisted on all their grounds of opposition taken below ; also on their demand made after judgment, that the administratrix should be removed from the trust she holds, that she be deprived of her commissions, and condemned to pay interest as fixed by law.
As to the first ground of opposition : It is clear that there is no statement of any difference between the inventory and the amount *142 of the sale ; nor are we aware that it is specially required to be stated, in the particular mode indicated by the objection. The account should show, that every thing on the inventory had been sold or otherwise accounted for ; and that is possibly what the opponents wanted. In this instance it does not show what has become of all the property mentioned in the inventory, to wit, thirteen bales of cotton said to have been sent to market, and also other sums owing to the deceased. We, therefore, think that the Judge erred in overruling this ground of opposition.
We think he also erred in overruling the second ground of opposition. The accounts do not exhibit a full and fair account of the administration. A portion of the property is not accounted for on the face of the account; and it has been necessary to resort to parol evidence and written documents, to show what has become of it; and even then, the explanation has not been very satisfactory.
The third ground of objection is met by the production of a tableau or statement of debts, with a supplement thereto, showing the amount of the debts, with their respective privileges, and the accompanying petitions praying for their homologation, and for an order of the court to pay conformably therewith. No opposition appears to have been made to these prayers, and judgments were entered in conformity thereto, the Judge stating in the judgment, that notice had been given in conformity to law, of the petitions and tableau having been filed, and that, after the legal delays, no opposition had been made. In the court below, the objection as to want of notice does not seem to have been raised ; <or, at least, it was considered of very little importance. In view of some of the questions raised in this case, we think it a matter of considerable consequence; and we will not decide finally on several questions, until it can be ascertained whether legal notices were given or not.
Under the fourth objection, the counsel for the opponents have selected various items, to which special exception is taken. The principal of these is an allowance of $ 1800 to two members of the bar, for professional services rendered to the administratrix in various suits, for responsibilities incurred, and for advice upon various subjects. This allowance is about six per cent on the *143 whole amount of the estate, and will, with other charges, make the expenses of administration enormous. As the questions are now presented to us, we do not feel at liberty to investigate them, as we believe that all the claims objected to were on the list or tableau of debts presented to the Probate Court, approved by it and ordered to be paid. From its decree no appeal was taken ; and if due notice was given of the filing of these tableaux or lists of claims on the estate, and no opposition was made to them by the heirs, it may be questionable whether the administratrix can be made responsible, having paid in obedience to the order of the court. This question we shall not decide, until we have all the facts before us.
An examination of the fifth ground of opposition satisfies us, that there has been great delay, if not actual and culpable negligence in administering the estate. The succession has been opened about six years, and is yet not more than half settled. Large debts seem to be due to the estate for purchases of properperty made in 1838, and no diligence or serious effort seems to have been used to collect them. The administratrix represents the debt owing by herself as uncollected, without its appearing that the succession is indebted to her in any sum whatever; and it is averred, that creditors have not been pa’id, in consequence whereof the estate is burdened with interest and costs, and that no satisfactory reason is given for such great delay. Had the application for the removal of the administratrix been made previous to the trial below, and an issue been made on it, we do not well see how we could have retained her. When the case in 1 Rob. 402, was before us, the facts were not nearly so strongly presented as they now are. Such unaccountable delay and apparent negligence will not receive the least countenance from this court.
The application, after judgment, on the motion for a new trial, to remove the administratrix from office, was in our opinion, made too late. No such issue had been made or tried, and it would, on our part, be assuming original jurisdiction, if we were to act on it now.
Justice to all parties will, we think, be best promoted by remanding this />ause for a new; trial. It can then be ascertained *144 whether notices were legally given of the filing of the tableaux or lists of debts, previously to their being approved and ordered to be paid. The administratrix must then file her accounts, so as to show the amount of the inventory and sale, and also an account for every article of property and every debt mentioned on the inventory, or the proceeds thereof. Her account must also show how much she has received on account of the estate, from whom, and for what, with the date and other necessary information, or references thereto. She must also show how much has been paid, to whom, the date, and refer to the voucher or evidence to sustain the charge, distinguishing how much has been paid as principal, and how much as interest: nor can she be permitted to credit herself with the amount of uncollected debts, unless due diligence in endeavoring to collect them is shown. A clear, fair, and full exhibition must be made, and all the property accounted for, conformably to law. The opponents must also specify the items to which objections are, or may be made, with a brief and clear statement of such objections, that the administratrix may have full notice thereof, and also of the reasons why she should not be continued in the exercise of her functions.
The judgment of the Probate Court is, therefore, annulled and reversed, and it is ordered, that this cause be remanded for a new-trial, with directions to the Judge to proceed in accordance with the directions and principles herein stated, and in other respects according to law ; the appellee paying the costs of this appeal.